NO. 07-08-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 11, 2009

_____

JOHNNY SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-03-6387; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

According to the limited documents before this Court, Appellant, Johnny Sanchez, was convicted of possession of a controlled substance and on August 20, 2008, was sentenced to seven years confinement. At that time, Appellant did not declare an inability to pay costs on appeal. His retained counsel, Anna J. Ricker, timely filed a notice of appeal with the Hockley County District Clerk. The *Trial Court's Certification of Defendant's*

*Right of Appeal* reflects that Appellant's case is not a plea bargain case and he has the right of appeal.

The Official Court Reporter and the Hockley County District Clerk have both requested and been granted extensions of time in which to prepare and file the appellate record. The reporter indicated that Appellant has not submitted a written designation nor made arrangements to pay for the reporter's record. The District Clerk noted that a written designation had not been filed and that an affidavit of indigency had been filed but that no order allowing Appellant to proceed without payment of costs has been entered. The clerk also included a copy of the trial court's order setting a hearing date of December 22, 2008, on Appellant's affidavit of indigency. The current deadline for filing the appellate record is February 27, 2009.

In response to the aforementioned requests for extensions of time which were granted, this Court directed Ms. Ricker, as attorney of record for Appellant, by letter dated November 25, 2008, to certify in writing whether she had complied with the Texas Rules of Appellate Procedure regarding requesting and paying for the appellate record. A deadline of December 15, 2008, was set for her response. On January 8, 2009, Ms. Ricker responded by letter to the Clerk of this Court as follows:

> This letter is to inform you that we do not represent Mr. Johnny Sanchez on his appeal. He is represented by Mr. Dan Hurley. Please forward any other correspondence to him. Let me know if you require anything further from me.

2

By letter of January 23, 2009, this Court notified Ms. Ricker that pursuant to Rule 6.1(a) of the Texas Rules of Appellate Procedure, she remained Appellant's lead counsel and, pending her withdrawal pursuant to Rule 6.5, she bore the responsibility for requesting preparation and payment of the appellate record. Ms. Ricker was directed to certify, in writing, compliance with the Texas Rules of Appellate Procedure on or before February 6, 2009, noting that failure to do so might result in the appeal being abated and the cause remanded for further proceedings. The February 6th deadline lapsed without a response and on February 10, 2009, the Clerk of this Court made inquiry with the Hockley County District Clerk regarding Appellant's representation. The Clerk of this Court was notified that no order appointing counsel to represent Appellant on appeal had been entered and that Ms. Ricker remained the attorney of record. To date, Ms. Ricker has not heeded any of this Court's directives.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether Appellant desires to prosecute the appeal;

2.      whether Appellant is indigent and entitled to appointed counsel; and

3.      whether Anna J. Ricker has effectively abandoned the appeal given her failure to comply with this Court's directives and her failure to request preparation of the appellate record and make arrangements to pay for the record.

3

Should it be determined that Appellant does want to continue the appeal and the court determines that he is indigent and entitled to appointed counsel or has retained new counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by March 13, 2009.

It is so ordered.

Per Curiam

Do not publish.